FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 APR -7 P 12: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MYRON SUIRE        *
       Plaintiff,

v.        *    CIVIL ACTION NO. JKB-13-2320

WICOMICO COUNTY DETENTION        *
  CENTER
DIRECTOR DOUGLAS C. DEVENYNS        *
MEDICAL DEPARTMENT
CORRECTIONAL OFFICERS        *
       Defendants.

*****

## MEMORANDUM

David Myron Suire ("Suire") brought this 42 U.S.C. § 1983 complaint while held as a pre-trial detainee at the Wicomico County Detention Center ("WCDC").[1] Now pending before the court is an unopposed motion to dismiss or, in the alternative, motion for summary judgment filed on behalf of defendants WCDC, Devenyns, and "correctional officers." (ECF No. 12) Suire has filed his second motion for leave to proceed in forma pauperis. ECF No. 15. For reasons to follow, defendants' motion, treated as a motion for summary judgment, shall be granted without the need for an oral hearing. *See* Local Rule 106.5 (D. Md. 2011).

## I. BACKGROUND

Suire claims that while housed at WCDC in May of 2013, a peeling paint flake lodged in his eye while he was taking a shower. He was taken down to the medical department to have his eye flushed. Suire contends that he submitted a number of sick-call slips; his eye was flushed again and

---

[1] Suire is now held at the Eastern Correctional Institution in Westover, Maryland.

he received eye drops. He complains that he has not received an outside appointment despite "a blur" in his right eye.[2]   Suire also claims his legal mail was given to other inmates and WCDC staff is "opening legal mail." ECF No. 1.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working

---

[2]     In a supplemental complaint, Suire states that he has been to the doctor 3 or 4 times and has been told that although pieces of paint still remain in his eye, it would do more harm than good to remove them.

principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556

U.S. at 678. First, while a court must accept as true all the factual allegations contained in the

complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating

that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not

allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.").

A court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The

burden is on the moving party to demonstrate the absence of any genuine dispute of material fact.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable

jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material

fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the

plaintiff's position" is insufficient to defeat a defendant's motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in

the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v.

Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of

his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts

---

ECF No. 14.

3

showing a genuine dispute for trial, Fed.R.Civ.P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## III. ANALYSIS

Counsel states that defendant Devenyns has not been the Warden at WCDC for several years. Devenyns affirms that he resigned from his position as WCDC Warden in November of 2009. ECF No. 12, Ex. A at Devenyns Aff. The court therefore finds that Devenyns cannot be found liable on the basis of personal or supervisory liability in regards to Suire's medical and legal mail claims, which allegedly occurred in 2013. Devenyns shall be dismissed from the suit.

Suire also names the WCDC as a defendant. The "Wicomico County Detention Center" is an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno,* 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983,"); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294,1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *cf. Roach v. West Virginia Regional Jail and Correctional Facility,* 74 F.3d 46, 48 (4th Cir. 1996). The complaint against WCDC shall be dismissed.

Defendants correctly observe that Suire has listed unidentified correctional officers as defendants in the caption of his complaint. Such a claim is factually deficient under both *Iqbal* and

4

*Twombly.* A plaintiff may name "John Doe" as a defendant when the identity of a defendant is unknown. However, a district court is not required "to wait indefinitely" for a plaintiff to provide a defendant's true identity to the court. *Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir. 1980). Suire has had sufficient time to identify all the defendants in this action yet has failed to specifically identify any "John Doe" defendants. Therefore, defendants "Correctional Officers" are dismissed from this action.[3]

Suire was previously granted leave to proceed in forma pauperis. He has nonetheless filed another indigency motion. ECF No. 15. The motion shall be denied as moot. The court observes, however, that within the caption of his indigency motion, Suire has named "Conmed Healthcare" as a defendant. The Clerk shall therefore take all necessary steps to modify the docket to substitute Conmed Healthcare for that of unserved defendant Medical Department and to effect service on that party. A separate Order follows reflecting the rulings entered in this opinion.

DATED this 7th day of April, 2014

BY THE COURT:

James K. Bredar
United States District Judge

---

[3]  Suire does not show how the alleged tampering with his incoming and outgoing legal mail caused him actual injury as required under *Lewis v. Casey,* 518 U.S. 343, 349 (1996). Indeed, the court record shows that Suire was represented by counsel during his criminal proceeding in state court. *See State v. Suire,* Criminal Case No. 22K30000411 (Circuit Court for Wicomico County). *See* http://casesearch.courts.state.md.us/inquiry. On that basis, Suire's access-to-courts claim shall be dismissed without prejudice.